### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

IMHOFF INVESTMENT, LLC, a Michigan
limited liability company, individually and as
the representative of a class of similarly
situated persons,

                              Plaintiff,

v.

SAMMICHAELS, INC.,

                              Defendant.

_____/

Case Number:  10-10996

HON. MARIANNE O. BATTANI

### OPINION AND ORDER GRANTING PLAINTIFF'S
### MOTION FOR CLASS CERTIFICATION

Before the Court is Plaintiffs' Motion for Class Certification (Doc. No. 53).  The Court heard oral argument on July 26, 2012, and at the conclusion of the hearing took this matter under advisement.  For the reasons that follow, the Court **GRANTS** the motion.

## I.  STATEMENT OF FACTS

This class action lawsuit filed on behalf of Plaintiff Imhoff Investment LLC ("Imhoff") arises out of an alleged violation of the Telephone Consumer Protection Act ("TCPA"), which prohibits the use of "any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement."  47 U.S.C. § 227(b)(1)(C). According to Plaintiff, Defendant SamMichaels Inc. (SamMichaels) hired a fax broadcaster, Business to Business Solutions ("B2B"), which is operated by Caroline Abraham, to advertise and promote its clothing store and tuxedo rental business.  Defendant and B2B created a fax advertisement, and B2B faxed it to a list of businesses that included Plaintiff.

The fax transmission logs show that on November 21, 2006, and November 22, 2006, the advertisement was faxed to 7,022 Michigan numbers.  (See Doc. No. 66. Ex. D).  The proposed class includes:

> All persons who were sent faxes on November 21, 2006, or November 22, 2006, by or on behalf of Sam Michaels Menswear - Tuxedo of Farmington Hills, Michigan, offering "Buy 1 Suit--Get 2 Free" and the "cheapest Tuxedo Rental Around. . .$55."

(Doc. No. 53, at 1).

## II.    STANDARD OF REVIEW

Before a class can be certified, four criteria must be met.  In Re Am. Med. Sys., Inc., 75 F.3d 1069, 1079 (6th Cir. 1996).  Specifically, the party seeking class status must show:

> (1) the class is so numerous that joinder of all members is impracticable;

> (2) there are questions of law or fact common to the class;

> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).  A court's decision to certify a class must be based on a "rigorous analysis" of whether the party seeking certification has "affirmatively demonstrate[d] his compliance with the Rule."  Wal-Mart Stores v. Dukes, 131 S. Ct.  2541 (2011).

## III.    ANALYSIS

Plaintiff's request for certification is challenged on three grounds:  the adequacy of Class Counsel; the adequacy of the class representative; and the superiority of a class action as a method of adjudication.  The Court addresses each below.

2

## A.  ADEQUACY OF CLASS COUNSEL

In challenging the adequacy of Class Counsel, Defendant identifies the conduct of Ryan Kelly, an attorney at Anderson & Wanca, in prior litigation.  SamMichaels raises the means by which Class Counsel obtained a list of those individuals or business entities that received a fax, asserting that Class Counsel breached a promise of confidentiality made to Caroline Abraham.

Because Class Counsel has filed numerous lawsuits based upon the information gained from Abraham in this prior lawsuit, the conduct at issue has been reviewed by many courts, including this one.  Defendant moved unsuccessfully to strike the class allegations and deny certification on the basis of Kelly's conduct.   Not one court that has reviewed the facts in the context of an adequacy challenge has declined to allow Class Counsel to proceed.  See e.g. Jacksons' Five Star Catering, Inc. v. Beason, No. 10-10010, 2012 WL 3205526 (E.D. Mich. July 26, 2012); American Copper & Brass, Inc. v. Lake City Industrial Products, Inc., 2012 WL 3027953 (W.D. Mich. July 24, 2012); Reliable Money Order, Inc. v. McKnight Sales Co., 281 F.R.D. 327 (E.D. Wis. 2012); CE Design, LTD v, Cy's Crabhouse North, Inc.,No. 07 C 5456, 2010 WL 3327876 at *3 (N. D. Ill. Aug. 23, 2010). Even though the appellate court in Creative Montessori v. Ashford Gear, LLC, 662 F.3d 913, 918–19 (7th Cir. 2011), remanded the issue of misconduct by Class Counsel, the district court recertified Class Counsel after determining that the conduct cast no "serious doubt" that counsel would represent the class zealously and loyally.   See Creative Montessori, No. 09 C 3963, 2012 WL 3961307 (N. D. Ill Sept. 10, 2012).

Although Plaintiff offered the expert opinion of Richard Painter to support that the conduct was ethical, and Defendant vigorously attacks those opinions, the Court needs no expert opinion to reach its decision.  It has reviewed the facts and the case law, and finds

Class Counsel is adequate.  The Court is satisfied that Class Counsel is experienced and knowledgeable in handling class actions arising out of TCPA violations, and  possesses adequate resources and has committed those resources to represent the class.  See Fed. R. Civ. P. 23(g)(1)(A).

These findings do not end the Court's analysis relative to the fourth prerequisite for class-action status because the Court also must find that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. Pro. 23(a)(4).

## B.  ADEQUACY OF PLAINTIFF

The rule requires the Court to consider "the adequacy of the named plaintiffs' representation of the class and requires that there be no conflict between the interests of the representative and those of the class in general. . . ."  In re Ready-Mixed Concrete Antitrust Litig., 261 F.R.D. 154, 168 (S. D. Ind. 2009) (citation omitted).  Here, the designated representative of the putative class is a company, and the office manager, Clarissa Sapp, will testify on behalf of the company,  Sapp was not working at Imhoff at the time the fax was received.  Defendant challenges her adequacy as a representative of the class based upon her lack of first-hand knowledge of the facts, and her credibility.

Adequacy encompasses two requirements:  (1) Sapp must share common interests with unnamed members of the class, and (2) she must vigorously prosecute the interests of the class through qualified counsel.  Senter v. Gen. Motors Corp., 532 F.2d 511, 525 (6th Cir. 1976) (citing Gonzales v. Cassidy, 474 F.2d 67, 73 (6th Cir. 1973)).  Because a class representative is a fiduciary, the interests of the class are "dependent on h[er] diligence, wisdom and integrity."  Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 549-50 (1949).  SamMichaels argues that Sapp's credibility is subject to sharp attack because of

inconsistencies in her deposition testimony as well as her inability to recall basic information about the facts in this case.  The Court disagrees.

The examples used by Defendant in support of its challenge raise peripheral matters, and the cases upon which it relies are distinguishable.   Unlike those cases in which class certification was denied, the testimony here does not involve complex or material inconsistencies.  See Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998) (observing that the plaintiff "repeatedly changed his position. . . .about letters that form the very basis for his lawsuit"); Panzirer v. Wolf, 663 F.2d 365, 368 (2d Cir. 1981) (noting that the plaintiff "gave no less than four versions of her conversation with her broker" and that her testimony was contradicted by the broker), vacated as moot sub nom., Price–Waterhouse v. Panzirer, 459 U.S. 1027 (1982), ; Darvin v. Int'l Harvester Co., 610 F.Supp. 255, 257 (S.D.N.Y. 1985) (Sprizzo, J.) (finding plaintiff repeatedly changed his testimony).  Here, the facts that must be established are simple.  Plaintiff must show Defendant sent an "unsolicited advertisement" without the recipient's "prior express invitation or permission."  47 U.S.C. § 227(b)(1)(C).

The same evidence of Defendant's advertising campaign will govern Plaintiff's claim and the claims of every other class member.  According to Plaintiff, the claims will be proven through the B2B fax records and the expert testimony of  Plaintiff's computer forensic expert.  Therefore, the attacks based upon Sapp's adequacy are not persuasive.  Even if Sapp is not the best representative of the class, she is adequate.  Her lack of knowledge does not go to the heart of the disputes. German v. Federal Home Loan Mortgage Corp., 168 F.R.D. 145, 154  (S.D.N.Y. 2009) ("[t]o defeat class representation, any allegations concerning the representative's adequacy must be relevant to the claims in the litigation").   Sapp understands the simple facts underlying the claims.  Her shortcomings do not threaten to

undermine the case as a whole--which involves a simple claim that can be proven in large measure by documents.

## A. SUPERIOR METHOD OF ADJUDICATION

Rule 23(b)(3) requires questions of law or fact common to class members to predominate over any questions affecting only individual members such that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Here, SamMichaels argues that TCPA claims are inherently individual because of the statutory requirement that only "unsolicited" faxes may give rise to a claim.

"To satisfy the predominance requirement, a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof." Frickco Inc. v. Novi BRS Enterprises, Inc., No. 10-10626, 2011 WL 2079704 (E.D. Mich. May 25, 2011) (citing Beattie v. CenturyTel, Inc., 511 F.3d 554, 564 (6th Cir. 2007) (internal quotations omitted)). "Common issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues." Id.

That is the case here. See Mims v. Arrow Financial Services, L.L.C., 132 S. Ct. 740, 747 (2012) (holding that federal question jurisdiction exists under 28 U .S.C. § 1331 for private claims for damages brought under the TCPA. Common issues predominate in a fax blasting case, absent a showing that class members actually gave consent).  Defendant does not rely on consent as a defense and according to Plaintiff, Abraham admitted that she used vendor lists and did not get consent from the recipients.  In sum, common issues predominate, and the Court finds a class action is a superior method of adjudication.

## IV. CONCLUSION

The criteria set forth in Rule 23(a) are met. Defendant's advertisement was sent to more than 7,000 fax numbers; raises conduct involving a common nucleus of operative facts and common legal questions regarding Defendants' liability under the TCPA; Plaintiff's claim is typical of the other class members' claims; and representation is adequate. Accordingly, Plaintiff's motion is **GRANTED.**

**IT IS HEREBY ORDERED** that the class identified below is certified:

All persons who were sent faxes on November 21, 2006, or November 22, 2006, by or on behalf of Sam Michaels Menswear - Tuxedo of Farmington Hills, Michigan, offering "Buy 1 Suit--Get 2 Free" and the "cheapest Tuxedo Rental Around. . .$55."

**IT IS FURTHER ORDERED** that Imhoff Investment LLC is appointed to represent those individuals/entities falling within the certified class.

**IT IS FURTHER ORDERED** that Plaintiff's counsel, the law firms of Sommers Schwartz, P.C., Anderson + Wanca, and Bock & Hatch, LLC is appointed as class counsel.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: October 1, 2012

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager

7