IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IMHOFF INVESTMENT, L.L.C., a Michigan limited liability company, individually and as the representative of a class of similarly situated persons,<br>                Plaintiff,<br><br>    v.<br><br>SAMMICHAELS, INC.<br><br>                Defendant. | )<br>)<br>)<br>)<br>) No. 10-cv-10996<br>)<br>) Honorable Marianne O. Battani<br>)<br>) Magistrate Judge Mona K.<br>) Majzoub<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO STRIKE PARAGRAPHS 4, 5, 7 AND 10 OF THE SEPTEMBER 24, 2013 AFFIDAVIT OF MAHER SHIHADEH**

Plaintiff, Imhoff Investment, L.L.C. ("Plaintiff"), individually and as the representative of a class of similarly–situated persons (the "Class"), submits the following motion to strike paragraphs 4, 5 (sentence two), 7 and 10 of the Affidavit of Maher Shihadeh ("Shihadeh Affidavit"), submitted as an exhibit for Defendant Sammichaels, Inc. ("Sammichaels" or "Defendant")) in support of its response (Doc. 86) to Plaintiff's motion for summary judgment.

"[A] party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially contradicts his earlier deposition testimony." *Penny v. United Parcel Service,* 128 F.3d 408, 415 (6th Cir.1997). *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 907 (6th Cir. 2006). For the reasons outlined in Plaintiff's supporting brief, portions of the

1

Shihadeh Affidavit run afoul of the principles outlined in *Penny*, *Aerel,* and other 6th Circuit authority.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff's motion to strike paragraphs 4, 5 (sentence two), 7 and 10 of the 2013 Shihadeh Affidavit because it contains statements that are contradictory to his prior 2011 deposition about events transpiring in 2006.

Respectfully submitted,

IMHOFF INVESTMENT, L.C.C., on behalf of itself and the other class members

By: /s/ Tod A. Lewis
   One of their attorneys

| | |
|---|---|
| Jason J. Thompson | Phillip A. Bock |
| SOMMERS SCHWARTZ, P.C. | Daniel J. Cohen |
| One Town Square, Suite 1700 | Tod A. Lewis |
| Southfield, MI 48076 | BOCK & HATCH, LLC |
| Telephone: 248/355-0300 | 134 N. La Salle St., Suite 1000 |
| | Chicago, IL 60602 |
| | Telephone: 312/658-5500 |
| Brian J. Wanca | |
| ANDERSON + WANCA | |
| 3701 Algonquin Road, Suite 760 | |
| Rolling Meadows, IL 60008 | |
| Telephone: 847/368-1500 | Attorneys for Plaintiff and the Class |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IMHOFF INVESTMENT, L.L.C., a Michigan limited liability company, individually and as the representative of a class of similarly situated persons,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMMICHAELS, INC.<br><br>    Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 10-cv-10996 <br> ) <br> ) Honorable Marianne O. Battani <br> ) <br> ) Magistrate Judge Mona K. <br> ) Majzoub <br> ) <br> ) <br> ) |

**PLAINTIFF'S BRIEF SUPPORT OF ITS MOTION TO STRIKE PARAGRAPHS 4, 5, 7 AND 10 OF THE SEPTEMBER 24, 2013 AFFIDAVIT OF MAHER SHIHADEH**

| | |
|---|---|
| Jason J. Thompson<br>SOMMERS SCHWARTZ, P.C.<br>One Town Square, Suite 1700<br>Southfield, MI 48076<br>Telephone: 248/355-0300 | Phillip A. Bock<br>Daniel J. Cohen<br>Tod A. Lewis<br>BOCK & HATCH, LLC<br>134 N. La Salle St., Suite 1000<br>Chicago, IL 60602<br>Telephone: 312/658-5500 |
| Brian J. Wanca<br>ANDERSON + WANCA<br>3701 Algonquin Road, Suite 760<br>Rolling Meadows, IL 60008<br>Telephone: 847/368-1500 | Attorneys for Plaintiff and the Class |

  Plaintiff, Imhoff Investment, L.L.C. ("Plaintiff"), individually and as the representative of a class of similarly–situated persons (the "Class"), submits the following brief in support of its motion to strike paragraphs 4, 5 (sentence two), 7

1

and 10 of the Affidavit of Maher Shihadeh ("Shihadeh"), submitted as an exhibit for Defendant Sammichaels, Inc. ("Sammichaels" or "Defendant")) in support of its response (Doc. 86) to Plaintiff's motion for summary judgment. In support, Plaintiff states as follows:

On October 27, 2011, Maher Shihadeh ("Shihadeh") was deposed in this case. Doc. 81-4. On September 24, 2013, Defendant submitted a response (Doc. 86) to Plaintiff's Motion for Summary Judgment which included an exhibit titled, "Affidavit of Maher Shihadeh" ("Shihadeh Affidavit"). Doc. 86-1, pp. 2-4.

## LEGAL STANDARD

"[A] party cannot create a genuine issue of material fact by filing an affidavit, after a motion for summary judgment has been made, that essentially contradicts his earlier deposition testimony." *Penny v. United Parcel Service,* 128 F.3d 408, 415 (6th Cir.1997); *Reid v. Sears, Roebuck & Co.,* 790 F.2d 453, 460 (6th Cir.1986) (establishing this general principle); *Aerel, S.R.L. v. PCC Airfoils, L.L.C.,* 448 F.3d 899, 907 (6th Cir. 2006). Sham affidavits are not allowed in federal courts. As the Supreme Court has observed, the lower federal courts:

> have held with virtual unanimity that a party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity.

*Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 806-07, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999) (collecting cases); *See also, Bank of Ill. V. Allied Signal Safety*

2

*Restraint Sys.*, 75 F.3d 1162, 1168-69 (7th Cir. 1996) ("We have long followed the rule that parties cannot thwart [justice] by creating 'sham' issues of fact with affidavits that contradict their prior depositions…"); *Beckel v. Walmart Assocs., Inc.*, 301 F.3d 621, 623 (7th Cir. 2002).

"A district court deciding the admissibility of a post-deposition affidavit at the summary judgment stage must first determine whether the affidavit directly contradicts the nonmoving party's prior sworn testimony. [citation omitted] … A directly contradictory affidavit should be stricken unless the party opposing summary judgment provides a persuasive justification for the contradiction. [citation omitted] … If, on the other hand, there is no direct contradiction, then the district court should not strike or disregard that affidavit unless the court determines that the affidavit "constitutes an attempt to create a sham fact issue." [citation omitted] … A useful starting point for this inquiry is the nonexhaustive list of factors articulated by the Tenth Circuit in *Franks,* where the court noted that the existence of a sham fact issue turns on 'whether the affiant was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and whether the earlier testimony reflects confusion [that] the affidavit attempts to explain.'" *Aerel,* 448 F.3d at 908-09.

## ARGUMENT

A.    **Paragraph 5 sentence two of the Shihadeh Affidavit should be stricken.**

The 2013 Shihadeh Affidavit states the "I recall telling the salesperson

3

during the discussion of the advertisement that any advertising should be sent to those in the 48334 zip code that also had a 248 area code." Doc. 86-1, p. 3, ¶ 5, sentence two. During his October 27, 2011 deposition Shihadeh never mentioned the alleged conversation about "248 area code" restriction. Doc. 81-4.

But Shihadeh was specifically asked: "Q. Have you told me everything about your conversations with the fax broadcaster?" A. To the best of my knowledge. Q. Yes? A. Yes." Doc. 81-4, p. 46:21-25. Thus, the Shihadeh Affidavit ¶ 5 sentence 2 should be stricken as it purports to set up a disputed fact issue between Shihadeh and the B2B salespersons on the issue of a "248 area code" limitation on the faxing even though Shihadeh swore during his deposition that he had informed "everything about [his] conversations with" B2B but never mentioned the newly alleged "248 area code" limitation. The "248 area code" restriction cannot be used by Defendant to argue that it never gave B2B final approval to send its faxes. Paragraph 5, sentence two, of the Shihadeh Affidavit is a sham.

B.   Paragraphs 4 and 10 of the Shihadeh Affidavit should be stricken.

The 2013 Shihadeh Affidavit also states that: (1) "I spoke to the [B2B] salespersons on two occasions regarding their services;" (2) "It was my understanding that the services offered by the [B2B] salesperson were in compliance with state and federal laws;" and (3) "I did not approve or authorize the sending of any advertisements in violation of any laws. I would not have authorized B2B to send any such documents." Doc. 86-1, pp. 2-3, ¶¶ 3, 4 and 10.

4

But during the deposition Shihadeh was specifically asked "Did you discuss with [B2B salespersons] the legality of sending out advertisements by fax?" Shihadeh's answer was "No." Doc. 81-4, p. 13:20-22.

Thus, the Shihadeh Affidavit ¶¶ 4 and 10 should be stricken as it purports to set up disputed fact issue between Shihadeh and the B2B salespersons on the issue of "legality" but fails to note Shihadeh's prior testimony that "legality" was never even discussed. Compare Doc. 86-1, pp. 2-3, ¶¶ 3, 4 and 10 to Doc. 81-4, p. 13:20-22. Defendant improperly uses the affidavit to argue in its summary judgment opposition that it "only discussed the possibility of doing advertising that was legal" [Doc. 86, p. 22] but the affidavit is plainly contradicted by the deposition testimony admitting that there were no discussions about "legality." Doc. 81-4, p. 13:20-22. ¶¶ 4 and 10 of the Shihadeh Affidavit should be stricken as a sham.

C.  **Paragraph 7 of the Shihadeh Affidavit should be stricken.**

Finally, the 2013 Shihadeh Affidavit also states that "I was instructed to return the one-page advertisement with my client number and 'ad ok' written on it, if I approved the form of the ad" and that he "never provided" "handwritten approval on the form of the ad as instructed." Doc. 86-1, p. 3, ¶ 7.

However, during the deposition Shihadeh was asked: "Now, at some point you did approve the content of the ad, is that correct? A. Yes." Doc. 81-4, p. 26:6-8. Defendant uses paragraph 7 of the Shihadeh Affidavit to argue that Plaintiff cannot prove that Defendant gave the "ok" or "final approval" to the advertisement [Doc.

5

86, pp. 19-20] but any such suggestion plainly contradicts Shihadeh's deposition testimony that he approved the content of the advertisement. Doc. 81-4, p. 26:6-8.

To the extent that Defendant attempts to use ¶7 of the Shihadeh Affidavit to argue that Plaintiff cannot prove that Defendant gave final approval to B2B as to the content of the advertisement, the Affidavit is a sham.

D.  **Shihadeh Testified Forty-Nine Times During His 2011 Deposition that He Could Not Recall Many or Most of the Details of the B2B Faxing Campaign.**

Further substantial evidence that paragraphs 4, 5 (sentence two), 7 and 10 of the September 2013 Shihadeh Affidavit are merely shams which are intended to attempt to create fact issues precluding summary judgment (and may even be used offensively in the future) include Shihadeh's repeated inability to remember the details of the 2006 transaction with B2B at his October 2011 deposition. At least Forty-Nine times during his deposition, Mr. Shihadeh said "I don't recall" or "I don't know" or "I don't remember" or "I'm not sure" or some similar type statement. Doc. 81-4, p. 9:20 ("I'm not sure"); p.10:5, 8, 17 ("I don't remember" "It would mean nothing to me" "I don't remember"); p. 11:3,6 ("I don't remember if it was a fax or not" "I don't remember"); p.12:7, 11, 20 ("I don't recall" "I don't know" "I don't remember"); p. 13:18, 19, 25 ("I don't remember" "I don't recall" "I don't recall"); p. 14:17, 21, 24 ("I don't remember" "I don't recall" "Not that I recall"); p. 15:23 ("Not that I recall"); p. 17:21 ("I don't recall it"); p.24:21 ("I don't recall"); p.25:12, 15 ("I don't recall" "I don't remember"); p.29:7 ("I don't remember"); p.30:1, 5 ("you know, five, six years ago, I don't remember"); p.32:2 ("I don't know"); p.33:25 ("I don't

6

recall"); p.34:7 ("I don't recall"); p.35:22 ("I don't recall"); p.36:11, 14 ("I don't recall" "I don't remember"); p.38:11 ("I don't remember"); p.39:4-7, 19, 22, 24 ("I don't know" "I don't recall"); p.40:2, 17 ("I don't recall" "I don't recall"); p.42:2, 16, 22, 25 ("I don't recall" "I don't recall" "I don't recall" "I don't recall"); p.43:9-10 ("I don't recall. Keep in mind, this was five, six years ago."); p. 43:20 ("I don't recall"); p.44:1, 6, 15,18, 21("I don't recall" "It doesn't look familiar" "No. I don't" "Not that I know of")); p:45:5, 20 ("Not as far as I can remember" "I don't recall"); p. 46:20 ("I don't recall. I don't think so.").

Given Shihadeh's shocking inability to remember or recall in 2011 the details of the 2006 transaction, it makes little sense that Shihadeh could suddenly recall alleged conversations or details involving the B2B transaction or salespersons in 2013 as now specifically alleged in paragraphs 4, 5 (sentence two), 7 and 10 of the Shihadeh Affidavit.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff's motion to strike paragraphs 4, 5 (sentence two), 7 and 10 of the Shihadeh Affidavit because they contain statements that are contradictory to his prior deposition.

            Respectfully submitted,

            IMHOFF INVESTMENT, L.C.C., on behalf of
            itself and the other class members

            By: /s/ Tod A. Lewis
               One of their attorneys

| | |
|---|---|
| Jason J. Thompson<br>SOMMERS SCHWARTZ, P.C.<br>One Town Square, Suite 1700<br>Southfield, MI 48076<br>Telephone: 248/355-0300 | Phillip A. Bock<br>Daniel J. Cohen<br>Tod A. Lewis<br>BOCK & HATCH, LLC<br>134 N. La Salle St., Suite 1000<br>Chicago, IL 60602<br>Telephone: 312/658-5500 |
| Brian J. Wanca<br>ANDERSON + WANCA<br>3701 Algonquin Road, Suite 760<br>Rolling Meadows, IL 60008<br>Telephone: 847/368-1500 | Attorneys for Plaintiff and the Class |

8

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that, on October 19, 2013, he electronically filed a copy of the foregoing motion to strike paragraphs 4, 5 (sentence two), 7 and 10 of the Affidavit of Maher Shihadeh, along with a supporting brief, with the Court's CM/ECF system, which automatically serves a copy upon all counsel of record.

/s/ Tod A. Lewis