## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

IMHOFF INVESTMENT, L.L.C.,
a Michigan limited liability
company, individually and as the
representative of a class of
similarly situated persons,

             Plaintiff,

      v.

SAMMICHAELS, INC.

            Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 10-cv-10996

Honorable Marianne O.
Battani

## UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS

Plaintiff, Imhoff Investment, LLC ("Plaintiff"), on behalf of itself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully requests, pursuant to Fed. R. Civ. P. 23 (e), that the Court enter an order (1) preliminarily approving the parties' proposed class action Settlement Agreement (the "Agreement") attached to Plaintiff's supporting brief as <u>Exhibit A</u>, (2) approving the form of Class Notice attached as Exhibit 2 to the Agreement and its dissemination to the Settlement Class by fax, and (3) setting dates for opt-outs, objections, and a fairness hearing to take

place no sooner than 90 days after the government officials receive the notice required by CAFA (to be delivered by defense counsel no later than 10 days after the Agreement is filed with the Court).

A proposed Preliminary Approval Order is attached as Exhibit B to this motion and will be submitted to the Court electronically. This motion is unopposed.

Plaintiff has filed a brief in support of this motion.

Dated:  December 23, 2015     Respectfully submitted,

                            s/David M. Oppenheim

                            One of Plaintiff's attorneys

Brian J. Wanca
Ryan M. Kelly
David M. Oppenheim
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847/368-1500

Phillip A. Bock
Tod A. Lewis
James M. Smith
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

Jason J. Thompson
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, MI 48076
Telephone**:** 248/236-5752
Email: jthompson@sommerspc.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

IMHOFF INVESTMENT, L.L.C.,    )
a Michigan limited liability    )
company, individually and as the    )
representative of a class of    )
similarly situated persons,    )        No. 10-cv-10996
              Plaintiff,    )
                          )        Honorable Marianne O.
                          )        Battani
     v.    )
                          )
                          )
SAMMICHAELS, INC.    )
                          )
           Defendant.    )

## BRIEF IN SUPPORT OF AGREED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS

Plaintiff, Imhoff Investment, LLC ("Plaintiff"), on behalf of itself and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully requests that the Court preliminarily approve the parties' proposed class action settlement (Exhibit A) and, in support thereof, states as follows:

## <u>STATEMENT OF THE ISSUES</u>

Whether the Parties' Settlement Agreement is "fair reasonable and adequate" to the absent class members.

Whether the contents of the Class Notice agreed upon by the Parties is clear and concise, and meet the requirements of Rule 23 (c) (3).

Whether the agreed upon manner in sending the Class Notice is reasonable.

# **CONTROLLING AUTHORITY**

- Federal Rule of Civil Procedure 23;

- *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007);

- *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974);

## I.   Background of the litigation.

1.   Plaintiff's Complaint alleges that Defendant, Sammichaels, Inc. ("Defendant"), faxed an unsolicited advertisement to Plaintiff and others in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The action seeks statutory damages.

2.   Based upon discovery and computer analysis of fax transmission records, Plaintiff contended that Defendant's form advertisement was successfully sent to 7,022 fax numbers in Michigan.

3.   Defendant denied liability to Plaintiff and the other members of the putative class on a variety of legal and factual grounds.

4.   The parties subsequently negotiated a formal, written settlement agreement, proposed court orders, and proposed notice to the absent class members and have submitted that Agreement to the Court.

## II.   Summary of the settlement.

5.   If approved by the Court after notice to the Settlement Class, the parties' settlement agreement would resolve this action and the controversy about Defendant's fax advertisements sent at any time between four years prior to the date of the filling of this suit to and including the date of the filing of this suit (the "Class Period"). Plaintiff

and Defendant negotiated the settlement after reviewing and analyzing the legal and factual issues presented by this action, the risks and expenses involved in pursuing the lawsuit to conclusion, the likelihood of protracted litigation here and in the separate insurance coverage action pending between the parties, and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals. They also reviewed and analyzed the legal and factual issues surrounding the questions of Defendant's insurance coverage. Based upon their review and analysis, Plaintiff and Defendant agreed to and executed the Agreement.

6. The key terms of the Agreement are as follows:

a. <u>Certification of a Settlement Class</u>. The Parties have stipulated to certification of a Rule 23 (b) (3) "Settlement Class" defined as, "All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendant advertising or promoting the goods or services of Defendant at any time between four years prior to the date of the filing of this suit to and including the date of the filing of this suit." Excluded from the Settlement Class are Defendant and Defendant's Insurer,

including any of their parents, subsidiaries, affiliates or controlled persons, as well as their officers, directors, agents, servants, and employees, and the immediate family members of such persons as well as and the judges and staff of the United States District Court For The Eastern District Of Michigan.

  b. <u>The Class Representative and Class Counsel</u>. The parties have agreed that Plaintiff is the Class Representative and that Plaintiff's attorneys (Phillip A. Bock of Bock & Hatch, LLC, Jason J. Thompson of Sommers Schwartz, P.C. and Brian J. Wanca of Anderson + Wanca) are Class Counsel for the Settlement Class.

  c. <u>Monetary Relief to the Members of the Settlement</u> <u>Class</u>. Defendant has agreed to make available a total of $3,509,500.00 (the "Settlement Fund") to pay valid class member claims, to pay an incentive payment to Imhoff Investment, LLC, to pay the costs of a third party Claims Administrator, to pay attorney's fees and reasonable litigation expenses, not limited to costs, to Class Counsel as approved by the Court. If class members who submit claims do not cash their checks prior to the expiration

date of the checks, the money from those checks shall be given as *cy pres* to charities selected by Class Counsel and approved by the Court. Any money left in the Settlement Fund after payments to claiming class members, to the Class Representative, and to Class Counsel would revert to and be kept by Defendant.

d.     <u>Class Notice</u>. The parties have agreed to notify the Settlement Class about the settlement by sending the notice and claim form by facsimile. The notice includes instructions about opting out, objecting, or submitting a claim form to the Claims Administrator by fax, mail or through a settlement website.

e.     <u>Claims</u>.

(i)     <u>Proof of Claim</u>. The class notice includes a simple, one-page Proof of Claim form for submitting claims for cash payments. The Proof of Claim is the last page of Exhibit 2 to the Settlement Agreement. The Proof of Claim submitted by each class member must be signed under oath and affirm that the fax number identified as having allegedly received a fax advertisement in the Class Period, as defined, was the class member's same fax number during the Class Period. A Class

7

Member submitting a timely and valid Proof of Claim will receive a cash payment of the lesser of $500 or a *pro rata* share of the Settlement Fund after the payments required by Paragraph 6 (c) above. The claimant need not possess the junk fax at issue, need not remember receiving the junk fax at issue, and need not know anything about Defendant. Rather, the claimant must merely identify himself or herself as a member of the Settlement Class by verifying ownership of the targeted fax number(s) in November 2006.

(ii)   <u>Claims Administrator</u>. Plaintiff shall retain a third party claims administrator who will issue the class notice, maintain the settlement website, receive the claim forms, assist class members in completing and submitting forms, provide a list of accepted and rejected claims to counsel for the parties and issue settlement checks. The third party claims administrator will provide copies of all valid and/or accepted claim forms to counsel for the parties. The parties will have the opportunity to review the claim forms and a timeframe in which objections to the claim forms can be made. The decision of the claims administrator

regarding the validity of claims, following any objection, shall be final and binding. The third party claims administrator shall be paid out of the Settlement Fund and payment shall not exceed $10,000.00.

      f.   <u>Release</u>. In consideration of the relief provided by the Settlement, the Settlement Class will release all claims that were brought or could have been brought, as defined in the Agreement, in this action against Defendant and the other released parties about Defendant's advertisements sent by fax during the Class Period defined in Paragraph 6(a) above.

      g.   <u>Attorney's Fees and Costs and Class Representative Award</u>. At the final approval hearing, after the Class is notified about the same, Class Counsel will apply to the Court to approve an award of attorney's fees equal to (a) one-third of the Settlement Fund ($1,169,833.33), plus reasonable out-of-pocket expenses not to exceed $55,000. Class Counsel will also ask the Court to approve an award of $15,000 to plaintiff, Imhoff Investment, LLC, for serving as the class representative.

## III.  The Court should grant preliminary approval to the settlement.

### A.  The proposed settlement is within the range of possible approval.

7.     A district court's review of a proposed class action settlement is typically a two-step process. *E.g., In re Inter-Op Hip Prosthesis Liab. Litig.,* 204 F.R.D. 330, 350 (N. D. Ohio 2001). The first step is to hold a preliminary fairness hearing prior to notifying the class members about the proposed settlement. *Tennessee Ass'n Health Mntce. Orgs. v. Grier,* 262 F.3d 559, 565-66 (6th Cir. 1983). The purpose of that preliminary hearing is to determine whether the proposed settlement is "within range of possible approval." *In re General Motors Corporation Engine Interchange Litigation*, 594 F. 2d 1006, 1124 (7th Cir. 1979). *See also In re Inter-Op,* 204 F.R.D. at 350. The second step is to hold a final approval hearing after notice to the absent class members, at which the Court can consider any objections lodged by either class members or a government official pursuant to CAFA, before deciding whether to approve the settlement and enter judgment.

### B.  Standard for judicial evaluation and approval.

8.     A court may approve a class action settlement if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e) (1)

(C); *Int'l Union, United Auto, Aerospace and Implement Workers of America v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). It is well-established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See Int'l Union,* 477 F.3d at 632 (noting "the federal policy favoring settlement of class actions"). If the Court finds that the settlement falls "within the range of possible approval," the Court should grant preliminary approval and authorize the parties to notify the class members about the settlement. *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).

### C.   Factors considered in determining whether a settlement is fair, reasonable, and adequate.

9.    In finally determining whether the settlement is fair, reasonable, and adequate, the trial court considers the following factors: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and the class representatives; (6) the reaction of absent class members; and (7) the public interest." *Brent v. Midland Funding, LLC,* 2011 WL 3862363 at *12 (N. D. Ohio 2011), *citing Int'l Union,* 497

11

F.3d at 632.

10.    At the preliminary approval stage, "only certain of these factors are relevant to the fairness inquiry." *Smith v. Ajax Manethermic Corp.,* 2007 WL 3355080 at *6 (N. D. Ohio 2007). "In its preliminary assessment of the fairness of the proposed settlement, the Court must take care not to intrude upon the private settlement negotiations of the parties any more than is necessary to determine that the agreement is not the result of fraud or collusion, and that it is fair and adequate in light of the potential outcome and the costs of litigation." *Id., citing In re Inter-Op,* 204 F.R.D. at 351.

11.    In this case, these factors show that the proposed settlement is within the range of possible approval and, therefore, that the Court (a) should permit the parties to notify the Settlement Class and (b) should schedule a fairness hearing to determine whether to finally approve the settlement.

12.    The parties' Agreement resulted from arm's-length negotiations between experienced counsel with an understanding of the strengths and weaknesses of their respective positions in this case. "[W]hen a settlement is the result of extensive negotiations by

experienced counsel, the Court should presume it is fair." *In re Inter-Op,* 204 F.R.D. at 351.

13.     Defendant has agreed to create a settlement fund. Each class member who does not opt-out of the Settlement Class and who submits a timely and valid claim form will be mailed a check in an amount of the lesser of $500  or a *pro rata* share of the Settlement Fund after subtracting the other agreed payments for fees, expenses, and an incentive award to Plaintiff.

14.     This settlement is an excellent outcome and result for the Class. The settlement offers each member of the Settlement Class an opportunity to obtain a significant monetary payment, while avoiding the costs and risks associated with further litigation. Without the settlement, the Class might recover substantially less, if anything at all.

15.     Class action litigation is time consuming in terms of both pretrial and trial work. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *Brent,* 2011 WL 3862363 at *16, *quoting In re Austrian and German Bank Holocaust Litig.,* 80 F. Supp. 2d 164, 174

(S. D. N. Y. 2000).

16.     This case is no exception. Defendant has denied liability and has agreed to settle to avoid the distraction and expense of defending protracted litigation and exposure to higher liability. There are risks attendant to further litigation in this matter, and substantial delay and expense. The decision to settle is reasonable in light of the risks of continued litigation. This was a hard fought case with clear indication that the remaining litigation would remain contentious. Then, the parties would likely litigate one or more appeals after the litigation in the district court level concluded. In addition to the risk of loss, continued litigation would delay the class members' receipt of any recovery.

17.     The TCPA gives private citizens a right to sue to (i) enjoin future transmissions, (ii) recover the greater of actual monetary damages or $500 in damages for each junk fax, or (iii) obtain an injunction plus damages. If a court finds that the sender willfully or knowingly violated the TCPA, it may increase the award up to three times the amount of damages. Here, each class member who does not opt-out of this proposed settlement and who submits a timely and valid

Proof of Claim will receive a cash payment in an amount up to $500, and Defendant has agreed to pay the attorneys' fees and certain expenses of Class Counsel for conferring that benefit upon each class member.

18.    Plaintiff's attorneys believe this settlement is fair, reasonable, and adequate. Plaintiff's attorneys have litigated TCPA class actions since 2003. They have been appointed class counsel in several such cases pending in this and other District Courts, as well as in other types of class actions. *See, e.g., G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. C 5953, 2009 WL 2581324, *6 (N.D. Ill. Aug. 20, 2009) (Kendall, J.); *Green v. Service Master On Location Services, Corp.*, No. 07 C 4705, 2009 WL 1810769, *4 (N.D. Ill. June 22, 2009) (Hibbler, J.); *Hinman v. M and M Rental Center, Inc.*, 545 F. Supp. 2d 802 (N.D. Ill. 2008) (Bucklo, J.), *appeal denied* (08-8012) (7th Cir. Jun 13, 2008). Additionally, Plaintiff's counsel have successfully negotiated numerous class-wide settlements in TCPA cases.

19,    Based upon the foregoing, and the judgment of experienced class counsel, Plaintiff requests that the Court preliminarily approve the settlement.

**IV.  At final approval, Class Counsel will ask the Court to approve Defendant's agreement to pay Class Counsel's fees and expenses, and an award to Plaintiff, pursuant to the Agreement.**

20.   At final approval, Class Counsel will request that the Court approve Defendant's agreement to pay them attorneys' fees equal to one-third of the Settlement Fund and their reasonable out-of-pocket expenses, not to exceed $55,000. This amount is within the approved range in class actions. *Taubenfeld v. Aon Corp.*, 415 F.3d 597 (7th Cir. 2005) (approving award of fees equal to 30% of $7.25 million settlement plus $111,054.06 in expenses and citing with approval a submission showing thirteen cases in the Northern District with awards of 30-39% of common funds in class actions); *Brent,* 2011 WL 3862363 at *19 (attorney fee award of 29% of settlement amount "is in line with percentages approved in other common fund cases").

21.   It is well recognized that the attorneys' contingent risk is an important factor in determining the fee award. *Ramey v. Cincinnati Enquirer, Inc.,* 508 F.2d 1188, 1196 (6th Cir. 1974); *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994). It is well-settled that the attorneys who create a benefit for class members are entitled to compensation for their services. *Brent,* 2011 WL 3862363

16

at *19.

22.    Here, Class Counsel's request for one-third of the settlement fund is within the market rate for TCPA cases. *See, e.g., G.M. Sign, Inc. v. Finish Thompson, Inc.*, 08 C 5953 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (Doc. 146) (fees equal to one-third of the settlement fund); *Saf-T-Gard International, Inc. v. Seiko Corp. of America*, No. 09 C 0776 (N.D. Ill. Jan. 14, 2011) (Bucklo, J.) (Doc. 100) (fees and expenses equal to thirty-three percent of the settlement fund); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 09 C 1399 (N.D. Ill. May 26, 2011) (Coleman, J.) (Doc. 140) (fees equal to one-third of settlement fund plus additional $42,640.44 in expenses); *Holtzman v. CCH*, 07 C 7033 (N.D. Ill. Sept. 30, 2009) (Nordberg, J.) (Doc. 33) (fees equal to one-third of the settlement fund); *Eclipse v. U.S. Compliance*, No. 03 CH 922 (Lake County, IL, Dec. 23, 2008) (33.33% plus expenses); *BNS, Limited v. Redondo Family Chiropractic, Inc.*, No. 09-2-19352-5 SEA (King County, WA, Nov. 30, 2010) (33.33%); *All American Painting, LLC v. Dean Weich, Inc.*, No. 09SL-CC05352 (St. Louis County, MO, June 10, 2011) (one-third plus expenses). *See also Accounting Outsourcing, LLC. v Verizon Wireless,* 2007 U.S. Dist. LEXIS 97153 (M.D. La. 2007)

(awarding $2,314,328, or more than 35% of the common fund, plus

costs); *Community Vocational Schools v. Turner Educational Products,*

*LLC*, No. 0800853-31-1 (Bucks County, PA, Aug. 4, 2010) (fees of

37.96% of fund); *Locklear Electric, Inc. v. Norma L. Lay*, 09 C 0531 (S.D.

Ill. Sept. 8, 2010) (Reagan, J.) (Doc. 67) (approving fees equal to one-

third from future recovery from insurer).

23.    Defendant has agreed to pay Class Counsel one-third of the

Settlement Fund as attorneys' fees, plus their reasonable litigation

expenses not to exceed $55,000. Class Counsel undertook this case on a

contingency basis and achieved an excellent result in a fair and efficient

manner.

24.    Class Counsel resolved this case through unique capabilities

from their years of experience in these types of cases. As indicated

above, Class Counsel have been litigating TCPA class actions since

2003, and have litigated class actions for many more years.

25.    The purpose of a class action lawsuit is to provide a benefit

to class members, not to litigate for the sake of litigating. Class Counsel

delivered significant benefits to the Settlement Class in the face of

numerous potentially fatal obstacles. Tested by the potential infirmities

18

of the case itself, there is little doubt that Class Counsel undertook a significant risk here and the fee award should reflect that risk. Class Counsel faced a significant risk of nonpayment, not only for their time but also for their out-of-pocket costs.

26.    The Class Notice informs the Settlement Class about the agreed and requested attorneys' fees and expenses, so that if any class member wishes to object he will have that opportunity.

27.    If the Court finds that the settlement is fair, reasonable, and adequate, then Class Counsel will ask the Court to approve the payment of fees to Class Counsel in an amount equal to one-third of the Settlement Fund.

28.    At final approval, Class Counsel will also request that the Court approve Defendant's payment to Plaintiff in the amount of $15,000.00 from the Settlement Fund for serving as the class representative.

29.    Such awards are appropriate to reward class representatives who have pursued claims on behalf of the class. *Moulton v. U. S. Steel Corp.,* 581 F. 3d 344, 351-52 (6th Cir. 2009); *In re Continental Illinois Securities Litig.*, 962 F.2d 566, 571-72 (7th Cir. 1992). "In deciding

whether such an award is warranted, relevant factors include the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." *See Cook v. Niedert, et al.*, 142 F.3d 1004, 1016 (7th Cir. 1998).

30.     Plaintiff was a catalyst for the Settlement Class's recovery. Plaintiff filed and pursued the action. Plaintiff responded to discovery and stayed involved and informed. Its efforts greatly benefited the Settlement Class. Class Counsel requests that the Court award Plaintiff a payment of $15,000.00 for its efforts on behalf of the class. Other judges have approved similar awards in TCPA cases. *See CE Design, Ltd. v. Exterior Systems, Inc.*, 07 C 66 (N.D. Ill. Dec. 6, 2007) (Darrah, J.) (Doc. 32-2); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, 07 C 5953 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (Doc. 146); *Targin Sign v. Preferred Chiropractic*, 09 C 1399 (N.D. Ill. May 26, 2011) (Coleman, J.) (Doc. 140).

## V.     The Court should approve notice to the Settlement Class.

31.     The parties propose to issue notice to the Settlement Class

by facsimile Additionally, both the Notice and Claim Form shall be made available on the claims administrator's website. A copy of the proposed notice is attached as Exhibit 2 to the Agreement.

32.     Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the manner in which notice is given and the form that notice is to take. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

33.     Rule 23 (e) (i) (B) requires that notice of a settlement be provided "in a reasonable manner." Here, the parties have agreed to a reasonable manner of notice by sending it to the fax numbers at issue in the case. The simple, one-page claim form will be delivered with the notice, so that members of the Settlement Class can complete a claim form and return it immediately by fax, mail or through the settlement website as they choose.

34.     The contents of the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the

definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23 (c) (3)." Here, the notice satisfies these requirements.

35.    The notice meets the legal standards for appropriate notice and satisfies Rule 23 (e). Therefore, the Court should approve the proposed notice and authorize its dissemination to the Class.

## VI.    The Court should schedule a final fairness hearing.

36.    Plaintiff requests that the Court schedule a hearing to allow the proponents and any opponents of the settlement to voice their opinions or objections. The Notice informs the Settlement Class about this hearing. <u>Exhibit A</u>, Ex. 2. At the fairness hearing, Plaintiff will request that the Court enter the parties' agreed Final Approval of Agreement and Judgment, which is attached as Exhibit 3 to the Agreement.

## VIII. Conclusion.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Preliminary Approval Order in the form attached as Exhibit B, granting preliminary approval of the proposed settlement, directing that the members of the Settlement Class be notified about the proposed settlement in the form and manner agreed by the parties (Exhibit 2 to the Agreement), and setting dates for opt-outs, objections, and a final approval hearing. The final approval hearing should be on a date no sooner than 90 days after the government officials receive the notice required by CAFA.


Dated: December 23, 2015        Respectfully submitted,

                                s/ David M. Oppenheim
                                One of Plaintiff's Attorneys

Jason J. Thompson
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, MI  48076
Telephone**: 248/236-5752
Email: jthompson@sommerspc.com

Phillip A. Bock
Tod A. Lewis
James M. Smith
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

Brian J. Wanca
Ryan M. Kelly
David M. Oppenheim
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847/368-1500

## <u>CERTIFICATE OF E-FILING AND SERVICE</u>

I hereby certify that on December 23, 2015, I electronically filed the foregoing *Plaintiff's Unopposed Motion and Brief Requesting Preliminary Approval* using the ECF System, which will send notification of such filing to all counsel of record.

<u>s/David M. Oppenheim</u>