# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on the date of execution between IMHOFF INVESTMENT, LLC ("Plaintiff") on behalf of itself and a class of similarly-situated persons (identified and defined below as the "Settlement Class"), SAMMICHAELS, INC. ("Defendant"), including their present, former or future agents, insurers, representatives, employees, directors, officers, shareholders, attorneys, parents, subsidiaries and affiliates. Plaintiff, the Settlement Class and Defendant are collectively referred to as the "Parties."

**WHEREAS**, on behalf of itself and a putative class of similarly-situated persons, Plaintiff filed a civil action against Defendant that is pending in the United States District Court of the Eastern District of Michigan, entitled *Imhoff Investment, LLC, a Michigan corporation, individually and as the representative of a class of similarly situated persons v. Sammichaels, Inc.*, Case No. 10-CV-10996 (the "Lawsuit"); and,

**WHEREAS**, Plaintiff's Class Action Complaint alleges that Defendant violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227(b)(1)(C) and committed Negligent Damage to Personal Property by faxing advertisements without the recipients' prior express invitation or permission; and,

**WHEREAS**, without admitting or conceding fault, wrongdoing, liability or the validity of Plaintiff's claims, point of law or point of fact, or that Plaintiff or any proposed Class Member is entitled to any relief, Defendant has agreed to settle all claims, demands and liabilities between Defendant, Plaintiff and the Settlement

EXHIBIT A

Class which were made or could have been made in the Lawsuit; and,

WHEREAS, the Parties have agreed on a compromise and settlement that is in the best interests of all Parties, including Imhoff and all members of the Settlement Class; and,

WHEREAS, on October 1, 2012, the Court certified a class for litigation purposes defined as "All persons who were sent faxes on November 21, 2006, or November 22, 2006, by or on behalf of Sam Michaels Menswear—Tuxedo of Farmington Hills, Michigan, offering "Buy 1 Suit—Get 2 Free" and the "cheapest Tuxedo Rental Around ... $55" (the "Class") (Doc. 67); and,

WHEREAS, for purposes of this Agreement, only, the parties hereby stipulate to a modification of the Class as defined by the Court on October 1, 2012 as follows: "All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendant advertising or promoting the goods or services of Defendant at any time between four years prior to the date of the filing of this suit to and including the date of the filing of this suit" (the "Settlement Class"); and,

WHEREAS, the Settlement Class includes approximately 7,018 persons who were successfully sent unsolicited advertisements via facsimile by or on behalf of Defendant and who did not opt out of the Class; and,

WHEREAS, without admitting or conceding fault, liability, or insurance coverage issues, Defendant has agreed to make a total of $3,509,500.00 available to (the "Settlement Fund") to settle this Litigation and all claims asserted therein,

with the Settlement Fund being used to pay members of the Settlement Class who timely submit approved claims, to pay attorney's fees and reasonable out-of-pocket expenses to Plaintiff's counsel, to pay an incentive award to Imhoff and to pay the costs of notifying the Settlement Class and administering the settlement through a third party administrator; and,

WHEREAS, Class Counsel (identified below) have concluded that the terms and conditions of the Agreement provided herein are fair, reasonable, and adequate, and in the best interests of the Settlement Class as a means of resolving all disputes between and among the Parties; and,

WHEREAS, this Agreement has been negotiated among the Parties in good faith and at arm's length; and,

WHEREAS, the Parties each acknowledge that they have not admitted liability to any other Party and enter into this Agreement solely to avoid the expense, uncertainty, and inconvenience of litigation; and,

NOW, WHEREFORE, in consideration of the mutual covenants and agreements hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties stipulate and agree that the claims of the Settlement Class should be and are hereby compromised and settled, subject to the Court's approval, upon the following terms and conditions:

1.  <u>Recitals</u>. The above-described recitals are incorporated herein and made a part hereof.

2.    <u>For Settlement Purposes Only</u>. This Agreement is entered into for purposes of resolving all disputes between Defendant, Plaintiff and the Settlement Class. Assertions, statements, and representations herein are for settlement purposes only. If the Court does not finally approve this Agreement, or a modified version thereof that is acceptable to all Parties, then the Parties expressly agree that this Agreement is null and void and may not be used by any party for any reason.

3.    <u>Certification of the Settlement Class</u>. The Parties hereby stipulate, for purposes of settlement only, to certification of a "Settlement Class" defined as follows: "All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendant advertising or promoting the goods or services of Defendant at any time between four years prior to the date of the filing of this suit to and including the date of the filing of this suit." Excluded from the Settlement Class are Defendant and Defendant's insurers, including any of their parents, subsidiaries, affiliates or controlled persons, as well as their officers, directors, agents, servants, and employees, and the immediate family members of such persons and the judges and staff of the United States District Court For The Eastern District Of Michigan. In the event the settlement contemplated under this Agreement does not receive final approval from the Court, the fact that the Parties stipulated to a settlement class shall not be used by any Party either in support or opposition of class certification in the Lawsuit.

4.    Representation of the Settlement Class. Plaintiff will be appointed as the "Class Representative" and attorneys Phillip A. Bock of Bock & Hatch, LLC, Brian J. Wanca of Anderson + Wanca, and Jason J. Thompson of Sommers Schwartz, P.C. will be appointed as "Class Counsel."

5.    Preliminary Approval. The Parties will jointly move the Court for the entry of an order preliminarily approving this settlement. A proposed "Order Preliminarily Approving Class Action Settlement and Notice to Settlement Class Members" (the "Preliminary Approval Order") is attached as Exhibit 1. If the Court does not enter a preliminary approval order substantially in the form of Exhibit 1 or a modified version thereof that is acceptable to all Parties, then this Agreement shall be null and void.

6.    CAFA Notices. Within ten (10) days of filing this Settlement Agreement with the Court, Defendant's counsel will cause the notice of the settlement required by the Class Action Fairness Act, 28 U.S.C. § 1715(b), to be issued to the Attorney General for the United States, as well as the Michigan Attorney General.

7.    The Settlement Fund. Defendant's Insurer agrees to make available $3,509,500.00.00 (the "Settlement Fund") to pay approved class member claims, to pay an incentive payment to Imhoff Investment, to pay attorney's fees and reasonable out-of-pocket litigation expenses to Class Counsel, and to pay for the costs and expenses associated with claims administration through the third-party administrator, as approved by the Court. Such out-of pocket expenses may include

expenditures made in litigating the action and are not limited to items recoverable as "costs." However, in no event shall the amounts exceed those outlined in Paragraph 10. Defendant need not segregate funds or otherwise create special accounts to hold the Settlement Fund, and will not relinquish control of any money until payments are due. Any portion of the Settlement Fund that is not paid for approved claims of class members, to the Class Representative, or to Class Counsel shall remain with Defendant and all unclaimed funds shall revert to Defendant. Defendant shall not be responsible for any payments or obligations other than those specified in this Agreement.

8. <u>Notice</u>. The Parties will request that the Court approve a "Notice of Class Action and Proposed Settlement with Attached Claim Form" in the form attached hereto as Exhibit 2 (the "Notice"), and request approval to send notice to the Settlement Class by facsimile. After preliminary approval of the settlement, the Claims Administrator will cause the Notice to be sent to 7,018 fax numbers of the Settlement Class identified on Exhibit 4 of the Expert Report of Robert Biggerstaff dated January 20, 2010 (the "Database") exclusive of the four persons who opted out of the Class. The Notice and Claim Form shall be sent within fifteen calendar days of the entry of the preliminary approval order.

9. <u>Claim Forms</u>. Settlement Class members must submit fully completed, valid and executed claim forms to receive their shares of the Settlement Fund. Claim Forms will be due within ninety (90) days after the Notice is sent to the Settlement Class (the "Claims Due Date"). The claim form submitted by each

member of the Settlement Class must be signed under oath and affirm that the fax number identified in the Database as having allegedly received a fax advertisement in the Class Period, as defined, was the class member's same fax number during the Class Period. Defendant reserves the right to challenge the validity of any submitted claim form on grounds that include that the form was untimely, inadequately completed, or contains inaccurate or false statements or information. The decision of the claims administrator regarding the validity of claims, following any objection, shall be final and binding.

Each class member who submits a timely, valid and approved claim form shall be paid the lesser of $500.00, or his or her *pro rata* share of the Settlement Fund. Any member of the Settlement Class who does not submit a Claim Form by the Claims Due Date, as shown by postmark or other identifiable date of transmission, shall receive no monetary payment from the Settlement Fund. The claim form submitted by each class member must be signed under oath and affirm that the fax number identified as having allegedly received a fax advertisement in the Class Period, as defined, was the class member's same fax number during the Class Period.

10.     Incentive Award, Attorneys' Fees, and Out of Pocket Expenses. Subject to the Court's approval, Defendant has agreed to pay an incentive award to Imhoff Investment from the Settlement Fund in the amount of $15,000.00 for serving as the class representative. Subject to the Court's approval, out of the Settlement Fund, Defendant will pay Class Counsel's attorney's fees in an amount equal to one-

third of the Settlement Fund before any other deduction ($1,169,833.33), plus reasonable out-of-pocket expenses, not to exceed $55,000.00. Class Counsel will provide invoices as to any out-of-pocket expenses for which they seek payment beyond their attorneys' fees. Upon receipt of a detailed invoice, Defendant has also agreed to pay the third party claims administrator in an amount not to exceed $10,000 from the Settlement Fund. Defendant will not object to or oppose any of these payments. The awards will be set forth in the Final Approval Order and paid exclusively from the Settlement Fund as provided herein.

11.  <u>Final Approval</u>. The preliminary approval order will set a date for a hearing on the fairness, reasonableness and adequacy of this Agreement, no less than 90 days from entry the preliminary approval order (as required by CAFA). At the final fairness hearing, Plaintiff and Plaintiff's counsel shall request that the Court enter an order finally approving the settlement and all its terms in the form attached hereto as Exhibit 3 (the "Final Approval Order"). The fact that the Court may require non-substantive changes in the Final Approval Order will not invalidate this Agreement or the settlement. If the Court does not enter a final approval order substantially in the form of Exhibit 3 or a modified version thereof which is acceptable to all Parties, which becomes a final and non-appealable order, then this Agreement shall be null and void and all monies paid, if any, shall be returned to Defendant.

12.  <u>Effective Date</u>. This Agreement shall not be effective until the Effective Date. "Effective Date" means ten business days after the later of (a) the Court

entering the Final Approval Order, substantially in the form of Exhibit 3 to this Agreement, or in a form agreed to by the Parties, dismissing with prejudice the claims of all Settlement Class members (including Plaintiff) who do not properly exclude themselves as provided in this Notice or (b) if any Settlement Class member objected to the settlement, the date on which the date for filing an appeal has expired or, if there are appeals, the date on which the settlement and judgment has been affirmed in all material respects by the appellate court of last resort to which such appeals have been taken and such affirmances are no longer subject to further appeal or review.

13. <u>Future Compliance</u>. Defendant will agree that it will not send advertisements by facsimile unless it has first obtained the prior express invitation, consent or permission of the intended recipient or it has an established business relationship with the recipient, as required, and also has the appropriate opt-out provisions on those advertisements.

13. <u>Claims Administrator</u>. Class-settlements.com shall serve as the third party settlement administrator (the "Settlement Administrator") will issue the class notice, maintain the settlement website, receive the claim forms, assist class members in completing and submitting forms, provide a list of accepted and rejected claims to counsel for the parties and issues checks to all Settlement Class members who submit timely and approved claim forms. The Settlement Administrator shall report on the number of class member claim forms submitted within 14 days after the deadline for submission of claim forms and shall provide copies of all claim

forms to counsel for the parties. The Parties will have the opportunity to review the list of claims and claim forms and reserve their rights to challenge the validity of any submitted claim form on grounds including, but not limited to, that the form was untimely, inadequately completed, or contains inaccurate or false statements or information. Should there be any such objection, the Parties agree to attempt to resolve, in good faith, any issue about the effectiveness or validity of those claims, including through negotiating a process to permit claimants to resolve contested issues as to the completeness of claim forms. If a dispute cannot be resolved between them, the Parties agree to submit the matter to the Settlement Administrator. The decision of the claims administrator regarding the validity of claims, following any objection, shall be final and binding.

14.  _Payment._ Within either 60 days after the Claims Due Date or 10 business days after the Effective Date, whichever is later, Defendant shall deliver funds to the Claims Administrator to pay the Agreed Claims. If there are Contested Claims, Defendant agrees to fund the payment required for any such claim that is subsequently agreed between the Parties or approved by the Court within thirty (30) days of that resolution. Checks issued to the Settlement Class members by the Claims Administrator will be void 90 days after issuance and shall state that fact on their face. Any Settlement Class member who does not negotiate the settlement payment check issued to the Settlement Class member within 90 days of the date of the settlement check, agrees to forfeit and waive any right for compensation under the settlement. If members of the Settlement Class who submit claims do not cash

10

their checks prior to the expiration date of the checks, the money from those checks shall be given as *cy pres* to charities selected by Class Counsel and approved by the Court. Within thirty (30) days after expiration of the 90 day period, all unclaimed money in the Settlement Fund shall revert to Defendant.

15. <u>Payment of Incentive Award, Fees, and Expenses</u>. On the Effective Date, Defendant shall pay from the Settlement Fund the amount of the attorney's fees, expenses, and incentive award to Imhoff Investment approved by the Court in the Final Approval Order. In no event will this payment exceed the amounts provided in Paragraph 10. Payment of the incentive award, attorney's fees, and expenses shall be made by wire transfer to the "Bock & Hatch, LLC Client Trust Account - Imhoff" pursuant to instructions to be provided to Defendant's Counsel.

16. <u>Releases</u>. Subject to and effective upon entry of the Final Approval Order, all Settlement Class members who are not validly excluded from the Settlement Class as determined by the Court ("Releasors"), for and in consideration of the terms and undertakings herein, the sufficiency and fairness of which are acknowledged, release and forever discharge Defendant and each and every of its current and former directors, officers, shareholders, employees, agents, insurers, re-insurers, affiliates, parent corporations, subsidiaries, controlled companies, other associated business entities, predecessors, assigns, members, spouses, family members, associates, principals and attorneys and their successors and heirs (the "Releasees") from liability for any and all claims, demands, debts, liabilities, actions, causes of action of every kind and nature, obligations, damages, losses,

attorneys' fees, expenses, interest and costs, whether known or unknown, actual or potential, suspected or unsuspected, direct or indirect, contingent or fixed, or which have been, could have been, or in the future might be asserted against Releasees, that arise out of or relate to advertisements faxed by or on behalf of Defendant at any time between four years prior to the date of the filing of this suit to and including the date of the filing of this suit (the "Released Claims"). The Settlement Class will not release claims regarding any advertisements sent after execution of this Agreement.

Each of the releases in this Paragraph may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to any of the Released Claims. The Parties fully agree that this Agreement may be pleaded as necessary for the purpose of enforcing this Agreement in any court of competent jurisdiction.

17. <u>Class Enjoined</u>. On the Effective Date, all members of the Settlement Class who did not exclude themselves as required by the Notice (and any person or entity claiming by or through him, her, or it, as heir, administrator, devisee, predecessor, successor, attorney, representative of any kind, shareholder, partner, director or owner of any kind, affiliate, subrogee, assignee, or insurer) will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other

administrative, regulatory, or other proceeding against the Releasees about or regarding in any way the Released Claims and all persons and entities shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against the Releasees (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or arises from the Released Claims.

18. <u>Cooperation</u>. Plaintiff and Defendant agree to cooperate fully with one another to effect the consummation of this Agreement and to achieve the settlement provided for herein.

19. <u>Agreement Contingent Upon Entry of Final Approval Order</u>. This Agreement is contingent upon the Court's entry of an order substantially in the form of Exhibit 3 or in some other form which is acceptable to all the Parties, containing a judgment giving final approval to the terms of this Agreement, which becomes a final and non-appealable order and results in dismissal of this Litigation with prejudice. If the Court refuses to grant final approval of the terms of the settlement set forth herein, or if the Court's Final Approval Order is reversed or substantially modified on appeal in a manner which is not acceptable to all Parties, then this Agreement shall be null and void and no stipulation, representation, or assertion of fact made in this Agreement may be used against any Party. No Party to this Agreement, absent any substantive change by the Court, shall appeal the

approval of this Settlement Agreement by the Court.

20.   <u>Notices</u>. Requests for exclusion, objections to the Agreement or settlement, and notices to Plaintiff and the Settlement Class shall be sent to:

> Phillip A. Bock
> Bock & Hatch, LLC
> Attn.: Sammichaels Settlement
> 134 N. La Salle St., Suite 1000
> Chicago, IL 60602

Requests for exclusion and objections shall be copied to, and notices to Defendant shall be sent to its counsel addressed as follows:

> Molly A. Arranz
> SmithAmundsen LLC
> 150 N. Michigan Ave., Ste. 3300
> Chicago, IL 60601

21.   <u>Court Submission</u>. Class Counsel and Defendant's counsel will submit this Agreement and the exhibits hereto, along with such other supporting papers as may be appropriate, to the Court for preliminary approval. If the Court declines to grant preliminary approval to the settlement and to order notice of hearing for final approval with respect to the proposed Settlement Class, or if the Court declines to grant final approval to the foregoing after such notice and hearing, this Agreement will terminate as soon as the Court enters an order unconditionally and finally adjudicating that this Agreement and settlement will not be approved.

22.   <u>Integration Clause</u>. This Agreement contains the full, complete, and integrated statement of each and every term and provision agreed to by and among the Parties and supersedes any prior writings or agreements (written or oral) between or among the Parties, which prior agreements may no longer be relied

upon for any purpose. This Agreement shall not be orally modified in any respect and can be modified only by the written agreement of the Parties supported by adequate consideration as confirmed in writing.

23. <u>Headings</u>. Headings contained in this Agreement are for convenience of reference only and are not intended to alter or vary the construction and meaning of this Agreement.

24. <u>Binding and Benefiting Others</u>. This Agreement shall be binding upon and inure to the benefit of the Parties, and to their respective agents, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and successors in interest.

25. <u>Warranties</u>. The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts. Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party(ies) for which he or she is signing.

26. <u>Governing Law</u>. The contractual terms of this Agreement shall be interpreted and enforced in accordance with the substantive law of the State of Michigan, without regard to its conflict of laws or choice of laws provisions.

27. <u>Mutual Interpretation</u>. The Parties agree and stipulate that the

settlement was negotiated on an "arm's-length" basis between parties of equal bargaining power. This Agreement is not one of adhesion, is mutually created and no ambiguity shall be construed in favor of or against any of the Parties. The Settlement Class acknowledges, but does not concede to or agree with, statements by Defendant regarding the merits of the claims or class certification and Defendant acknowledges, but does not concede to or agree with, the Settlement Class's statements regarding the merits of the claims or class certification.

28.   <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Signatures transmitted by facsimile or e-mail are acceptable for the execution of this Agreement and shall be treated as if original signatures.

29.   <u>Severability</u>. In the event any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions if the Parties and their counsel mutually elect by written stipulation to be filed with the Court within twenty (20) days to proceed as if such invalid, illegal, or unenforceable provisions had never been included in this Agreement.

30.   <u>Continuing Jurisdiction</u>. Without affecting the finality of the final judgment, the parties will ask the Court to retain continuing jurisdiction over the Litigation and the Parties, including all members of the Settlement Class, the administration and enforcement of this Agreement and the settlement, and the

benefits to the Settlement Class hereunder, regarding the implementation, enforcement, construction, and interpretation of this Agreement, the order preliminarily approving the settlement, and the Final Approval Order and final judgment. Any dispute or controversies arising with respect to the interpretation, enforcement, or implementation of the Agreement shall be presented by motion to the Court.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

DATED: _____        SAMMICHAELS, INC.

                              By: _____
                                   Maher Shihadeh

                              Its: _____

DATED: 10/8/15               IMHOFF INVESTMENT, LLC

                              By: _____
                                   Imhoff Investment LLC Representative

DATED: _____        The Plaintiff Class Counsel


                              By: _____
                                   Phillip A. Bock
                                   Brian J. Wanca
                                   Jason J. Thompson
                                   Class Counsel

17

DATED: _12-10-15_          SAMMICHAELS, INC.

By: _____
     Maher Shihadeh

Its: _____

DATED: _____      IMHOFF INVESTMENT, LLC

By: _____

     Imhoff Investment LLC Representative

DATED: _12/15/15_         The Plaintiff Class Counsel

By: _____
     Phillip A. Bock
     Brian J. Wanca
     Jason J. Thompson
     Class Counsel

Open.00340.01935.16268950-1

18

**EXHIBIT I**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| IMHOFF INVESTMENT, L.L.C., a Michigan limited liability company, individually and as the representative of a class of similarly situated persons, | ) ) ) ) ) | |
| | ) | No. 10-cv-10996 |
| Plaintiff, | ) ) | Honorable Marianne O. Battani |
| v. | ) ) ) | |
| SAMMICHAELS, INC. | ) ) | |
| Defendant. | ) | |

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND
NOTICE TO SETTLEMENT CLASS MEMBERS

This matter coming before the Court on the parties' Agreed Motion for
Preliminary Approval of Class Action Settlement and Notice to the Class (the "Joint
Motion"), after review and consideration of the Settlement Agreement, and having
been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as
follows:

1.      Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, the
settlement of this action, as embodied in the terms of the Settlement Agreement
attached to the Joint Motion, is hereby preliminarily approved as a fair, reasonable,
and adequate settlement of this case in the best interests of the Settlement Class in
light of the factual, legal, practical, and procedural considerations raised by this
case. The Settlement Agreement is incorporated by reference into this Order (with
capitalized terms as set forth in the Settlement Agreement) and is hereby
preliminarily adopted as an Order of this Court.

2.   Pursuant to Rule 23 (b) (3) of the Federal Rules of Civil Procedure, by stipulation of the parties, and for the purpose of settlement, the Court hereby certifies the following class (the "Settlement Class"):

> All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendant advertising or promoting the goods or services of Defendant at any time between four years prior to the date of the filing of this suit to and including the date of the filing of this suit.

Excluded from the Settlement Class are Defendant and its insurers, including any and all of their parents, subsidiaries, affiliates or controlled persons officers, directors, agents, servants, and employees and the immediate family members of such persons as well as and the judges and staff of the United States District Court For The Eastern District Of Michigan. In their Settlement Agreement, the parties have agreed to this Settlement Class definition solely for settlement purposes.

3.   The Court finds that certification for purposes of settlement is appropriate because (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

4.   The Court appoints Imhoff Investment, LLC as the representative of the Settlement Class pursuant to Rule 23 (a), and appoints Imhoff Investment's attorneys (Phillip A. Bock of Bock & Hatch, LLC, Brian J. Wanca of Anderson +

Wanca, and Jason J. Thompson of Sommers Schwartz, P.C,) as Class Counsel pursuant to Rule 23 (g).

5.    The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23 (e) (1) of the Federal Rules of Civil Procedure. That plan is approved and adopted. This Court further finds that the Class Notice (attached to the Settlement Agreement as Exhibit 2), and the Claim Form included as part of the Class Notice, comply with Rule 23 (e) (1) of the Federal Rules of Civil Procedure, are appropriate as part of the notice plan, and are approved and adopted. The Court orders that the parties provide the notice to the Class as proposed.

6.    By this Order, the Court hereby orders that Class Counsel retain a third party Claims Administrator to administer the settlement by providing notice to class members, assisting class members in completing and submitting forms, receiving claim forms submitted by class members and issuing checks to persons who submit a valid and time Proof of Claim.

7.    The Claims Administrator shall send  Class Notice by facsimile to the fax number of each class member as reflected in the Database (Exhibit 4 to the Expert Report of Robert Biggerstaff dated January 20, 2010) within seven calendar days of entry of this Order. The Court finds and orders that no other notice is necessary.

7.      The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a)      Objections and motions to intervene shall be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel on or before _____, or be forever barred;

(b)      Memoranda regarding objections or motions to intervene must be filed in this Court, and postmarked and served on Class Counsel and Defendant's counsel on or before _____, or be forever barred;

(c)      Requests by any Class member to be excluded from the settlement must be submitted on or before _____, or be forever barred. The Court shall rule on all requests for exclusion or opt outs on _____ at _____ a.m./p.m.; and

(d)      Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than _____, 2015; and,

(e)      The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for _____, at _____ a.m./p.m. in Room ____.

BY ORDER OF THE COURT

_____
Honorable Marianne O. Battani

Dated: _____

4

**EXHIBIT 2**

**This is a notice of a lawsuit settlement.**
**You may benefit from this. Please read it carefully.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| IMHOFF INVESTMENT, L.L.C., a Michigan limited liability company, individually and as the representative of a class of similarly situated persons, Plaintiff,<br><br>     v.<br><br>SAMMICHAELS, INC., Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 10-cv-10996

Honorable Marianne O. Battani

**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT WITH ATTACHED CLAIM FORM**

**TO:** **All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendant advertising or promoting the goods or services of Defendant at any time between four years prior to the filing of this suit to and including the date of the filing of this suit.**

You have been sent this Notice because your fax number is contained on a list of fax numbers to which advertising faxes may have been sent and you appear to be a member of the Settlement Class defined above. This Notice informs you about a proposed Class Action Settlement. You may be entitled to a portion of the Settlement Fund; however, you must complete and timely submit a Proof of Claim to recover. If you do nothing you will not receive any payment but will be bound by the terms of the Settlement if approved.

**A.** **WHAT IS THIS LAWSUIT ABOUT?**

This action is pending in the Eastern District of Michigan. Plaintiff, Imhoff Investment, LLC ("Plaintiff") filed this class action lawsuit against Sammichaels, Inc. ("Defendant"), alleging that it violated the federal Telephone Consumer Protection Act ("TCPA") by faxing unsolicited advertisements on November 22, 2006. Defendant denies Plaintiff's claims and has raised certain defenses. The parties have agreed to settle all claims about advertising faxes allegedly sent by or on behalf of Defendant between March 12, 2006 and March 12, 2010. This notice informs you of your rights as a member of the Settlement Class as defined above.

**B.** **WHAT IS THE PROPOSED SETTLEMENT?**

Defendant has created a total settlement fund of $3,509,500.00 (the "Settlement Fund"). If the Court grants final approve to the settlement, each member of the Class who submits a valid and timely Proof of Claim (attached) will receive a check in the amount of their share of the Settlement Fund. If approved, the Settlement Fund will also be used to pay class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff. Class members submitting a valid and timely claim will be paid the lesser of $500.00 or a *pro rata* share of the Settlement Fund after those other payments.

The Court has preliminarily approved the proposed Settlement, and certified the Settlement Class, defined above, subject to a final approval hearing that will occur on _____, 2016, at _____ a.m./p.m., in Room 716 in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226.

C.    **WHAT ARE YOUR FOUR OPTIONS?**

1.    **Submit a Proof of Claim (attached) to receive a check:** You must submit a completed and executed Proof of Claim postmarked, faxed, or electronically via **[website]** within ninety (90) days after this Notice is sent, (on or before _____, 2016) to be eligible to be mailed a check for your share of the Settlement Fund.

2.    **Do nothing:** If the Court grants final approval, you will be bound by the judgment in this case and you will release your claims against Defendant arising from the faxes described above.  You will not receive a settlement check unless you are a member of the Class and submit a timely, valid and executed Proof of Claim as described above.

3.    **Exclude Yourself from the Settlement:** You have the right to exclude yourself from the settlement by mailing a written request for exclusion. Your request must be postmarked on or before _____, 2016, and it must list your name, fax number(s), street address, the name and number of this case, and it must state that you wish to be excluded (for example, "Exclude me from the Sammichaels Settlement."). Mail your exclusion request to the following attorneys, postmarked by that date, and they will notify the Court of your request:

| For Class Counsel: | Defendant's Attorneys: |
|---|---|
| Phillip A. Bock | Molly A. Arranz |
| Bock & Hatch, LLC | SmithAmundsen LLC |
| Attn.: Sammichaels Settlement | Attn.: Sammichaels Settlement |
| 134 N. La Salle St., Ste. 1000 | 150 N. Michigan Ave., Ste. 3300 |
| Chicago, IL 60602 | Chicago, IL 60601 |

4.    **Object to the settlement:** If you wish to object to the settlement rather than excluding yourself, you must file a written objection with the Civil Clerk's Office, United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. Your objection must be postmarked by _____, 2016, and must refer to the name and number of this case (*Imhoff Investment, LLC v. Sammichaels, Inc.,* Case No. 10-CV-10996). You must also serve copies of your objection on Class Counsel and Defendant's attorneys (identified above), postmarked by the same date. Your objection must include your name, fax number, and street address, and a statement of the reasons why you believe the Court should find that the proposed settlement is not in the best interests of the Settlement Class. It is not sufficient to simply state that you object; you must state your reasons. Additionally, if you want the Court to consider your objection, then <u>you must also appear</u> at the final approval hearing in Room ____ in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226, on _____, 2016, at _____ a.m./p.m.  <u>YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU OBJECT TO THE SETTLEMENT.</u>

D.    **WILL THE COURT APPROVE THE SETTLEMENT?**

The Court will hold a final fairness hearing to decide whether to approve the settlement on _____, 2016, at _____ a.m./p.m., in Room ____ in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. At that hearing, the Court will hear any timely and properly-filed objections and arguments about the settlement. You are **not** required to attend this hearing unless you object to the settlement. The hearing may be continued to a future date without further notice.

E.    **WHO REPRESENTS THE SETTLEMENT CLASS IN THIS LITIGATION?**

Plaintiff Imhoff Investment, LLC is the class representative. Plaintiff's attorneys have been appointed as Class Counsel. They are: Phillip A. Bock of Bock & Hatch, LLC, Brian J. Wanca of Anderson +

Wanca, and Jason J. Thompson of Sommers Schwartz, P.C. These attorneys have litigated this matter on a contingency basis. As part of the settlement, Class Counsel will request that the Court award Imhoff Investment, LLC an incentive award of $15,000 for serving as the class representative and ask the Court to award Class Counsel attorneys fees equal to one-third of the settlement fund for their legal services ($1,169,833.33), plus reimburse them for their out-of-pocket expenses, not to exceed $55,000, from the Settlement Fund. You will not have to pay any money to Class Counsel.

You may retain a separate attorney to represent your interests for purposes of the Settlement if you choose.

**F.    INQUIRIES:**

If you have specific questions, you can write to Class Counsel at one of the addresses listed above. Include the case number, your name, your fax number, and your current street address on any correspondence. You may also call attorney Brian J. Wanca at 855-827-2329 or attorney Phillip A. Bock at 312-658-5501.

Please do not contact the Clerk of the Court, the Judge, or the Judge's staff, because they cannot answer your questions or give you advice about this settlement.

**BY ORDER OF THE COURT**
**HONORABLE MARIANNE O. BATTANI**

**PROOF OF CLAIM - Imhoff Investment, LLC v. Sammichaels, Inc., Case No. 10-cv-10996**

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund*:

1.   **You Must Provide Your Contact Information.**

Name: _____

Company: _____

Address: _____

City/State/Zip Code: _____

Fax Number(s):_____
[List all numbers. You may attach a separate sheet.]

2.   **You Must Verify Ownership of the Fax Number(s) Listed in #1 above.**

(a)   "Pursuant to 28 U.S.C. Section 1746(a), I declare under penalties of perjury that the fax number(s) identified above or attached to this claim form was/were mine or my company's in November 2006."

_____
(Sign your name here)

***OR***

(b)   "I declare under penalties of perjury that the fax number(s) identified above or attached to this claim form was/were **not** mine or my company's in November 2006." Explain when you obtained the fax number(s) identified in #1 above or attached to this claim form:

_____
_____
_____

_____
(Sign your name here)

3.   **You Must Return this Claim Form by [90 days]_____, 2016:**

(a)   Fax this Claim Form to: <fax number for claims >

***OR***

(b)   Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

***OR***

(c)   Submit this claim form electronically at **[website]**

4

**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

IMHOFF INVESTMENT, L.L.C.,              )
a Michigan limited liability company,   )
individually and as the representative  )
of a class of similarly situated persons, )
                                        )   No. 10-cv-10996
                 Plaintiff,             )
                                        )   Honorable Marianne O. Battani
           v.                           )
                                        )
                                        )
SAMMICHAELS, INC.                       )
                                        )
                 Defendant.             )

## FINAL APPROVAL ORDER

The matter coming before the Court for a fairness hearing on _____, 2016, on the request for final approval of the class action settlement by Plaintiff, Imhoff Investment, LLC ("Plaintiff"), and Defendant, Sammichaels, Inc. ("Defendant"), due notice given, the parties appearing through counsel, and the Court fully advised in the premises,

IT IS HEREBY ORDERED:

1.      This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

2.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

3.     The Settlement Class is defined as follows: "All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendant advertising or promoting the goods or services of Defendant at any time between four years prior to the date of the filing of this suit to and including the date of the filing of this suit." Excluded from the Settlement Class are Defendant, its insurers, including any and all of their parents, subsidiaries, affiliates or controlled persons, officers, directors, agents, servants, and employees and the immediate family members of such persons as well as the judges and staff of the United States District Court For The Eastern District Of Michigan. The parties expressly agreed to the Settlement Class definition solely for settlement purposes.

4.     The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

5.     The Court finds that certification for purposes of settlement is appropriate because (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

6.     The Court appoints Plaintiff, Imhoff Investment, L.L.C., as the "Class Representative" and appoints attorneys Jason J. Thompson of Sommers Schwartz, P.C., Phillip A. Bock of Bock & Hatch, LLC and Brian J. Wanca of Anderson +

2

Wanca as "Class Counsel."

7.    Upon the Declaration of _____, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

8.    Upon the Affidavit of _____, the Court finds that notice has been given to the appropriate State and Federal officials in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715.

9.    ____ objections were received. The Court overrules all objections.

10.    The following persons validly requested exclusion from the Settlement Class and the settlement and therefore, they are excluded from both:

_____.

11.    After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class

3

Member (including any person or entity claiming by or through him, her or it, but except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

12.     Defendant, by and through its Insurer, has created a settlement fund (the "Settlement Fund") to pay valid class member claims, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff as determined and awarded by this Court. Unclaimed monies in the Settlement Fund shall revert back to Defendant and its Insurer.

13.     As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who submits a timely and valid Claim Form will be mailed a check not to exceed $500 from the Settlement Fund. The Claims Administrator will cause those checks to be mailed after receiving the Settlement Funds. Checks issued to the claiming Settlement Class members will be void 90 days after issuance and any amount from voided checks shall be given as *cy pres* to charities selected by Class Counsel and approved by the Court.

14.     As agreed between the parties, the Court approves Class Counsel's attorneys' fees in the total amount of $1,169,833.33 and out-of-pocket expenses not to exceed $55,000.00 based on Counsel's submission to Defendant of invoices regarding same. Those amounts shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

15.     As agreed between the parties, the Court approves a $15,000 incentive award to Imhoff Investment, LLC for serving as the Class Representative. In

4

accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund as set forth in the Settlement Agreement.

16. The Court expressly adopts and incorporates herein all of the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

17. This action, including all claims against Defendant asserted in this lawsuit, or which could have been asserted in this lawsuit, by or on behalf of Plaintiff and all Settlement Class members against Defendant are hereby dismissed with prejudice and without taxable costs to any Party.

18. All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) are barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendant or its Insurer, in this Court or any other court or forum.

19. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Judgment do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Judgment are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with

the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be void and be deemed vacated.

20.   The Court retains jurisdiction for 180 days over this action, Plaintiff and all members of the Settlement Class and Defendantto determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement.  The Court further retains jurisdiction to enforce this Order.

21.   The Court finds that there is no just reason to delay the enforcement of this Final Approval Order and Judgment.

BY ORDER OF THE COURT

Dated: _____          _____
                               Honorable Judge Marianne O. Battani