IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IMHOFF INVESTMENT, L.L.C., a Michigan limited liability company, individually and as the representative of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>SAMMICHAELS, INC.<br><br>Defendant. | No. 10-cv-10996<br><br>Honorable Marianne O. Battani |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND NOTICE TO SETTLEMENT CLASS MEMBERS

This matter coming before the Court on the parties' Agreed Motion for Preliminary Approval of Class Action Settlement and Notice to the Class" (the "Joint Motion"), after review and consideration of the Settlement Agreement, and having been fully advised in the premises, IT IS HEREBY ORDERED and adjudged as follows:

1. Pursuant to Rule 23 (e) of the Federal Rules of Civil Procedure, the settlement of this action, as embodied in the terms of the Settlement Agreement attached to the Joint Motion, is hereby preliminarily approved as a fair, reasonable, and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical, and procedural considerations raised by this case. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement) and is hereby preliminarily adopted as an Order of this Court.

**EXHIBIT B**

2. Pursuant to Rule 23 (b) (3) of the Federal Rules of Civil Procedure, by stipulation of the parties, and for the purpose of settlement, the Court hereby certifies the following class (the "Settlement Class"):

> All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendant advertising or promoting the goods or services of Defendant at any time between four years prior to the date of the filing of this suit to and including the date of the filing of this suit.

Excluded from the Settlement Class are Defendant and its insurers, including any and all of their parents, subsidiaries, affiliates or controlled persons officers, directors, agents, servants, and employees and the immediate family members of such persons as well as and the judges and staff of the United States District Court For The Eastern District Of Michigan. In their Settlement Agreement, the parties have agreed to this Settlement Class definition solely for settlement purposes.

3. The Court finds that certification for purposes of settlement is appropriate because (a) the class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the class and they predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff and its attorneys will fairly and adequately protect the interests of the class; and (e) a class action is the superior means of resolving this controversy.

4. The Court appoints Imhoff Investment, LLC as the representative of the Settlement Class pursuant to Rule 23 (a), and appoints Imhoff Investment's attorneys (Phillip A. Bock of Bock & Hatch, LLC, Brian J. Wanca of Anderson +

Wanca, and Jason J. Thompson of Sommers Schwartz, P.C,) as Class Counsel pursuant to Rule 23 (g).

5. The Court finds that the Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23 (e) (1) of the Federal Rules of Civil Procedure. That plan is approved and adopted. This Court further finds that the Class Notice (attached to the Settlement Agreement as Exhibit 2), and the Claim Form included as part of the Class Notice, comply with Rule 23 (e) (1) of the Federal Rules of Civil Procedure, are appropriate as part of the notice plan, and are approved and adopted. The Court orders that the parties provide the notice to the Class as proposed.

6. By this Order, the Court hereby orders that Class Counsel retain a third party Claims Administrator to administer the settlement by providing notice to class members, assisting class members in completing and submitting forms, receiving claim forms submitted by class members and issuing checks to persons who submit a valid and time Proof of Claim.

7. The Claims Administrator shall send Class Notice by facsimile to the fax number of each class member as reflected in the Database (Exhibit 4 to the Expert Report of Robert Biggerstaff dated January 20, 2010) within seven calendar days of entry of this Order. The Court finds and orders that no other notice is necessary.

7. The Court hereby sets deadlines and dates for the acts and events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines and dates in the Class Notice:

(a) Objections and motions to intervene shall be filed in this Court and postmarked and served on Class Counsel and Defendant's counsel on or before March 3, 2016, or be forever barred;

(b) Memoranda regarding objections or motions to intervene must be filed in this Court, and postmarked and served on Class Counsel and Defendant's counsel on or before March 3, 2016, or be forever barred;

(c) Requests by any Class member to be excluded from the settlement must be submitted on or before March 3, 2016, or be forever barred. The Court shall rule on all requests for exclusion or opt outs on [ April 11-14 or 26-29, 2016]_____ at _____ a.m./p.m.; and

(d) Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), no later than January 25, 2016; and,

(e) The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for [Week of April 11-14 or 26-29, 2016_____, at _____ a.m./p.m. in Room ____.

BY ORDER OF THE COURT

_____
Honorable Marianne O. Battani

Dated: _____