IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IMHOFF INVESTMENT, L.L.C., a Michigan limited liability company, individually and as the representative of a class of similarly situated persons,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SAMMICHAELS, INC.<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>) No. 10-cv-10996<br>)<br>) Honorable Marianne O. Battani<br>)<br>)<br>)<br>)<br>)<br>) |

## FINAL APPROVAL ORDER

The matter coming before the Court on the request for final approval of the class action settlement by plaintiff, Imhoff Investment, LLC ("Plaintiff"), and Defendant, Sammichaels, Inc. ("Defendant"), due notice given, the parties appearing through counsel, and the Court fully advised in the premises, **IT IS HEREBY ORDERED**:

　　　　1.　　This Court has jurisdiction over the parties, the members of the Settlement Class, and the claims asserted in this lawsuit.

　　　　2.　　Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court considers the settlement of this action, as embodied in the terms of the Settlement Agreement, a fair, reasonable and adequate settlement of this case in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

3. The Settlement Class is defined as follows: "All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendant advertising or promoting the goods or services of Defendant at any time between four years prior to the date of the filing of this suit to and including the date of the filing of this suit" Excluded from the Settlement Class are Defendant and Defendant's insurer, including any and all of their parents, subsidiaries, affiliates, controlled persons, officers, directors, agents, servants, and employees and the immediate family members of such persons, as well as the judges and staff of the United States District Court For The Eastern District Of Michigan. The parties expressly agreed to the Settlement Class definition for settlement purposes.

4. The Court finds that the Settlement Agreement has been entered into in good faith following arm's-length negotiations.

5. The Court finds that, as per the request of the Michigan Attorney General, the Settlement Agreement is amended, *only*, to add the following to Paragraph 17 of the Settlement Agreement: Nothing in the paragraph, however, shall be construed to prohibit Class Members from assisting or participating in any government or regulatory enforcement action.

6. Upon the Declaration of Andrew Barnett, the Court finds that the notice provided to the Settlement Class Members was the best notice practicable under the circumstances and it satisfied the requirements of due process and Federal Rule 23(e)(1).

7. No objections from class members were received. Notice requirements under the Class Action Fairness Act were complied with and no objections from government officials were received.

8. The following persons validly requested exclusion from the Settlement Class and the settlement: [1] Henry A. Richter, Zipay-Richter & Assoc., 26776 W. 12 Mile, Ste. 200, Southfield, MI 48034, Fax No. 248-544-3168; [2] Tricia S. Huneke, Ruby + Associates, 30445 Northwestern Hwy., Ste. 310, Farmington Hills, MI 48334, Fax No. 248-865-9449; [3] Hitoshi Otaka, Sundai Michigan International Academy, 24055 Meadowbrook, Novi, MI 48375, Fax No. 248-349-9488; [4] John Rogin, John Rogin Buick, 30500 Plymouth Rd., Livonia, MI 48150, Fax No. 734-525-0996.

9. After due consideration of, among other things, the uncertainty about the likelihood of: (a) the Class's ultimate success on the merits; (b) the range of the Class's possible recovery; (c) the complexity, expense and duration of the litigation; (d) the substance and amount of opposition to the settlement; (e) the state of proceedings at which the settlement was achieved; (f) all written submissions, declarations and arguments of counsel; and (g) after notice and hearing, this Court finds that the settlement is fair, adequate and reasonable. This Court also finds that the financial settlement terms fall within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement Agreement should be and is APPROVED and shall govern all issues regarding the settlement and all rights of the Parties, including the Class Members. Each Class Member (including any person or entity claiming by or through him, her or it, but

except those persons identified above who have previously excluded themselves from the Settlement Class) shall be bound by the Settlement Agreement, including being subject to the Releases set forth in the Settlement Agreement.

10. Defendant, by and through its insurer, has created a settlement fund (the "Settlement Fund") to pay valid class member claims, class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff as determined and awarded by this Court. Unclaimed monies in the Settlement Fund shall revert back to Defendant and its insurer.

11. As agreed in and subject to the Settlement Agreement, each member of the Settlement Class who has submitted a timely and valid Claim Form will be mailed a check not to exceed $500 from the Settlement Fund. The Claims Administrator will cause those checks to be mailed after receiving the Settlement Funds. Checks issued to the claiming Settlement Class members will be void ninety (90) days after issuance and any amount from voided checks shall be given as *cy pres* to charities selected by Class Counsel and approved by the Court.

12. As agreed between the parties, the Court approves Class Counsel's attorneys' fees in the total amount of $1,169,833.33 and out-of-pocket expenses in the amount of **$23,772.94** [not to exceed $55,000.00]. Those amounts shall be paid from the Settlement Fund, along with the costs of the Third Party Claims Administrator, when the Stipulation and Order becomes final as those terms are defined in the Settlement Agreement.

13. As agreed between the parties, the Court approves a $15,000 incentive award to Imhoff Investment, LLC for serving as the Class Representative. In

accordance with the Settlement Agreement, that amount shall be paid from the Settlement Fund when the Stipulation and Order become final as those terms are defined in the Settlement Agreement.

14. The Court expressly adopts and incorporates herein all of the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall carry out their respective obligations under that Agreement.

15. All claims or causes of action of any kind by any Settlement Class member or anyone claiming by or through him, her or it brought in this Court or any other forum (other than those by persons who have opted out of this action) shall be barred pursuant to the Releases set forth in the Settlement Agreement. All persons and entities are enjoined from asserting any claims that are being settled or released herein, either directly or indirectly, against Defendant or its insurer, in this Court or any other court or forum.

16. If (a) the Settlement Agreement is terminated pursuant to its terms, or (b) the Settlement Agreement or Final Approval Order and Stipulation do not for any reason become effective, or (c) the Settlement Agreement or Final Approval Order and Stipulation are reversed, vacated or modified in any material or substantive respect, then any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated. If the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Approval Order and Stipulation shall be void and be deemed vacated.

17. Generally, the Court retains jurisdiction for 180 days over this action, Plaintiff and all members of the Settlement Class and Defendant to determine all

matters relating in any way to the Final Order and Stipulation, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to, their administration, implementation, interpretation or enforcement. The Court further retains jurisdiction to enforce this Order.

18. The Court finds that there is no just reason to delay the enforcement of this Final Approval Order and Stipulation.

BY ORDER OF THE COURT

Date: November 2, 2016

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge